# Exhibit 1

# FINTHRIVE COLLEAGUE CONFIDENTIALITY AGREEMENT

This FINTHRIVE COLLEAGUE CONFIDENTIALITY AGREEMENT (the "Agreement") is between the Company (defined below) and the individual who signs this Agreement (the "Undersigned"). This Agreement is effective as of the date upon which it is signed by the Undersigned, whether the signature is hand written or electronic.

## NATURE AND PURPOSE OF THIS AGREEMENT

1. This Agreement sets forth the terms and conditions under which FinThrive, Inc. (which, together with its subsidiaries and affiliates is collectively referred to as the "Company") agrees to disclose information to the Undersigned.

2. The Undersigned has been offered employment with the Company, and wishes to accept that offer of employment. In order to perform the job duties of the position that the Undersigned has been offered, the Undersigned will need access to Confidential Information (defined below). The Company is unwilling to disclose any Confidential Information to the Undersigned except under the terms and conditions of this Agreement. The employment relationship therefore cannot begin, or cannot be maintained, unless and until the Undersigned agrees to the terms and conditions of this Agreement. In order to induce the Company to commence the Undersigned's employment relationship and disclose Confidential Information to the Undersigned, the Undersigned must agree to all terms and conditions set forth in this Agreement.

## DEFINITION AND EXAMPLES OF CONFIDENTIAL INFORMATION

3. "Confidential Information" means any and all information or material (whether or not reduced to writing) that is proprietary to the Company, or that is designated as confidential by the Company, or that is not generally known to individuals other than those who work at or for the Company. "Confidential Information" also includes any trade secret, Invention (defined in Section 11 below), material, or other information that was conceived, originated, discovered, or developed in whole or in part by the Undersigned, as well as trade secret, Invention, material, or other information about which the Undersigned obtained knowledge or to which the Undersigned obtained access as a result of or in connection with the Undersigned's employment relationship with the Company. Confidential information also includes any trade secrets, Invention, material, or other information which the Company obtains from third parties, including consultants and customers, which the Company treats as proprietary or confidential, whether or not actually owned or developed by the Company.

4. Examples of Confidential Information include but are not limited to Inventions, software in various stages of development, source code, object code, marketing strategies and non-public marketing materials, product development plans, product enhancement plans or

recommendations, lists or summaries of expiring contracts compiled or stored by the company, lists or summaries of customer information compiled or stored by the company, price lists, pricing policies, financial information, colleague personnel files, Protected Health Information or "PHI" as the term is defined in the Health Information Portability and Accountability Act of 1996, research, development, procedures, specifications, models, diagrams, flow charts, and other data.

5. INFORMATION PUBLICLY KNOWN THAT IS GENERALLY EMPLOYED BY THE TRADE AT OR AFTER THE TIME THE UNDERSIGNED FIRST LEARNS OF SUCH INFORMATION, OR GENERIC INFORMATION OR KNOWLEDGE WHICH THE UNDERSIGNED WOULD HAVE LEARNED IN THE COURSE OF SIMILAR EMPLOYMENT OR WORK ELSEWHERE IN THE TRADE, SHALL NOT BE DEEMED PART OF THE CONFIDENTIAL INFORMATION.

PROHIBITED AND PERMISSIBLE USES OF CONFIDENTIAL INFORMATION

6. The Undersigned shall not directly or indirectly disclose, reveal, report, publish, or transfer any Confidential Information to any person or entity except as required in the regular course of the Undersigned's work for the Company. In addition, the Undersigned shall not obtain, access, and or use any Confidential Information for any purpose, except as required for the performance of his or her Company job duties. These restrictions apply both during employment with the Company and after the employment relationship with the Company ends, regardless of how or why the employment relationship ends.

7. Regardless of any provision in this Agreement that conflicts or may appear to conflict:

   a. Nothing in this Agreement prohibits the Undersigned from disclosing information in order to comply with a court order, subpoena, or similar legal process, or from providing truthful testimony in connection with a legal proceeding, including any proceeding conducted by a state or federal agency, provided that any Confidential Information disclosed is designated and otherwise treated as confidential; and

   b. The Undersigned shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that-(A) is made-(i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Accordingly, the Undersigned may disclose in confidence trade secrets to federal, state, and local government officials, or to an attorney, for the sole purpose of reporting or investigating a suspected violation of law. The Undersigned may also disclose trade secrets in a document filed in a lawsuit or other proceeding, but only if the filing is made under seal and protected from public disclosure. Nothing

in this Agreement is intended to conflict with 18 U.S.C. $ 1833(b) or create liability for disclosures of trade secrets that are expressly allowed by 18 U.S.C. $ 1833(b).

c. This Agreement does not prohibit the Undersigned from reporting possible legal violations to the government or from making other disclosures to the government that are protected under federal or state whistleblower provisions. This Agreement does not prohibit the Undersigned from making truthful statements or disclosures about alleged unlawful acts in the workplace.

PROHIBITED DISCLOSURE AND USE OF THIRD-PARTY INFORMATION

8. The Undersigned acknowledges that the Company has a strict policy against using confidential or proprietary information belonging to any other person or entity without the express written permission of the owner of that information. The Undersigned further understands and acknowledges that the Company does not want the Undersigned to violate any confidentiality obligations it may have to any third parties. Accordingly, the Undersigned shall not disclose to the Company, or induce the Company to use, any confidential or proprietary information belonging to any of the Undersigned's previous employers or other third parties. The Undersigned further represents and warrants to the Company that any information provided by the Undersigned to the Company will not cause the Undersigned to violate any agreement that the Undersigned may have with any third party.

OWNERSHIP OF CONFIDENTIAL INFORMATION

9. All Confidential Information, and all work product containing, incorporating, or reflecting any Confidential Information, belongs exclusively to the Company, regardless of whether the Undersigned developed, invented, or created the work product, and regardless of whether the Undersigned did so independently or as part of a team. The Company retains the exclusive copyright and any other applicable property rights on any and all Confidential Information, including any and all notes, data, reference materials, sketches, drawings, memoranda, documentation, and records in any way incorporating or reflecting any Confidential Information. The Undersigned shall not take any action with respect to the Confidential Information that is inconsistent with the Company' ownership rights.

10. The Undersigned shall turn over to the Company all Confidential Information (including all work product or materials containing, incorporating, or reflecting Confidential Information) in the Undersigned's possession or control upon the Undersigned's separation from employment with the Company, or sooner if the Company so requests.

DEFINITION OF INVENTIONS

11. For purposes of this Agreement: "Invention" means any and all ideas, designs, concepts, techniques, discoveries, and inventions, whether or not patentable or protectable by

copyright or as a mask work, which are made, conceived or reduced to practice by the Undersigned either solely or in conjunction with others. Examples of Inventions include, but are not limited to, devices, processes, works of authorship, computer programs, templates, forms, compilations, methods, and formulas, together with any improvements thereon or thereto, derivative works therefrom, and know-how related thereto.

OWNERSHIP OF INVENTIONS

12. Any Inventions shall belong exclusively to the Company and shall be deemed part of the Confidential Information if any of the following apply: the Invention was made, conceived, or reduced to practice with or through the use of Confidential Information; or the Invention incorporates any the Company' trade secrets or other Confidential Information; or the Invention was made, conceived, or reduced to practice using any of the Company' equipment, supplies, facilities, or time; or the Invention relates to the Company' business; or the Invention relates to the Company' actual or demonstrably anticipated research and development; or the Invention results from any work performed by the Undersigned for the Company. This rule of ownership applies regardless of whether the Invention is fixed in a tangible medium of expression, and regardless of whether the Invention was conceived in whole or in part by the Undersigned during or after the Undersigned's employment with the Company. The Undersigned shall not take any action that is inconsistent with these ownership rights.

13. Without limiting the foregoing, the Undersigned agrees that the Company shall be deemed the owner of any such Inventions, provided that in the event and to the extent such works are determined not to constitute "works made for hire" as a matter of law, the Undersigned hereby irrevocably assigns and transfers to the Company all right, title and interest in and to those Inventions, including but not limited to patents, copyrights and mask work rights.

PROTECTION AND SEGREGATION OF THE UNDERSIGNED'S PRIOR INVENTIONS

14. The Undersigned represents and warrants that Attachment "A" attached hereto, entitled "List of Inventions" is a true and complete list of all Inventions, if any, whether or not patented or copyrighted and whether or not reduced to practice, made by the Undersigned prior to his or her employment with the Company, and which therefore are not subject to the provisions of Sections 12 and 13 of this Agreement. The Undersigned understands and agrees that any improvements, whether or not patented and whether or not reduced to practice, made to or on the listed Inventions after commencement of the Undersigned's employment with the Company, and any derivative works made from any of the listed Inventions after commencement of the Undersigned's employment with the Company are subject to the provisions of Sections 12 and 13 of this Agreement. The Undersigned shall notify the Company in writing before he or she makes any disclosure to the Company, or performs any work on behalf of the Company, which appears to threaten or conflict with

any proprietary or other rights that the Undersigned claims in any invention and, in the event of the Undersigned's failure to give such notice, the Undersigned shall make no claim against the Company with respect to any such Invention.

15. The Undersigned shall keep and maintain adequate and current written records (in the form of notes, sketches, drawings or such other form(s) as may be specified by the Company) of all Inventions made by the Undersigned, the rights to which belong or have been assigned to the Company pursuant to Sections 12 and 13 of this Agreement, and all such records shall be the sole property of the Company.

16. The Undersigned recognizes that this Agreement will not be deemed to require assignment of any Invention that qualifies fully for protection from assignment to the Company under the provisions of applicable state law (the "Specific Inventions Law"), as further detailed in Attachment B, or any other specifically applicable state law, regulation, rule, or public policy. The Undersigned acknowledges that if he or she performs work in Delaware, Illinois, Kansas, Minnesota, New Jersey, North Carolina, Utah or Washington that he or she has been notified of the Specific Inventions Law applicable to Undersigned's employment.

17. The Undersigned shall promptly and fully disclose in writing to the Chief Human Resources Officer for the Company: (i) any invention made, conceived of or reduced to practice by the Undersigned, either solely or in conjunction with others, during the term of his or her employment relationship with the Company (whether or not he or she believes the invention to be protected under the provisions of the Specific Inventions Law, or any other applicable law; and (ii) any Invention made, conceived, or reduced to practice after separation from employment with the Company, which belongs exclusively to the Company pursuant to the provisions of Sections 12 and 13 of this Agreement.

PERFECTING THE COMPANY' RIGHTS TO INVENTIONS

18. The Undersigned shall assist the Company, at the Company's expense, either during or subsequent to the Undersigned's employment with the Company, to obtain and enforce for the Company' benefit any and all patents, copyrights, and mask work protection in any country for any and all Inventions made by the Undersigned (in whole or in part), if the rights to those Inventions belong to or have been assigned to the Company pursuant to the provisions of Sections 12 and 13 of this Agreement. Upon request, the Undersigned will execute all applications, assignments, instruments, and papers, and perform all acts as the Company or its counsel may deem necessary or desirable to obtain any patents, copyrights, or mask work protection in such Inventions and to otherwise protect the Company' interests in those Inventions.

19. The Undersigned acknowledges that the Company may, from time to time, have agreements with other persons or entities or with the U.S. Government or agencies thereof, which impose obligations or restrictions on the Company regarding Inventions, and the Undersigned shall be bound by all such obligations and restrictions and to take any and all action necessary to discharge the obligations of the Company under those agreements.

ADDITIONAL TERMS AND CONDITIONS

20. Because of the unique nature of the Confidential Information and the Inventions, the Undersigned understands and acknowledges that the Company will suffer irreparable harm in the event that the Undersigned fails to comply with any of his or her obligations under Sections 6, 9, 10, 12, or 13 of this Agreement and that monetary damages will be inadequate to compensate the Company for such breach. Accordingly, the Company shall, in addition to any other remedies available to it at law or in equity, be entitled to injunctive relief to enforce the terms of Sections 6, 9, 10, 12, or 13 above without the need to post a bond or other form of security.

21. This Agreement survives the Undersigned's separation from employment, regardless of the cause or reason for the separation from employment.

22. By signing this agreement, the Undersigned authorizes the Company to provide a copy of this Agreement, including any exhibits hereto, to any and all of his or her future employers, and to notify any and all such future employers that the Company intends to exercise its legal rights arising out of or in connection with this Agreement and/or any breach or any inducement of a breach of this Agreement

23. This Agreement is not a contract of employment. The Undersigned's employment with the Company may be terminated at any time, for any reason or no reason, by either the Undersigned or by the Company, with or without cause and with or without advance notice.

24. This Agreement shall be binding upon the heirs, executors and administrators of the Undersigned and will inure to the benefit of the Company and its successors and assigns.

25. This Agreement shall be governed by the law of the state of Georgia and the Federal Defend Trade Secrets Act of 2016 (as amended, if amended). This Agreement contains the full and complete understanding of the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous representations and understandings, whether oral or written. In the event that any provision of this Agreement or any obligation or grant of rights by the Undersigned under this Agreement is found invalid or unenforceable pursuant to judicial decree or decision, any such provision, obligation or grant of rights shall be deemed and construed to extend only to the maximum extent

    permitted by law, and the remainder of this Agreement shall remain valid and enforceable according to its terms

26. This Agreement cannot be amended, waived or modified except by an instrument in writing executed by the Undersigned and a duly authorized Officer of the Company.

By signing this Agreement, I, the Undersigned, accept all of its terms and conditions, agree to comply with them, and agree to be legally bound by them.

Electronically Signed By
Matthew James Con...         5/2/2023

Colleague Signature

ATTACHMENT A

LIST OF INVENTIONS

ATTACHMENT B

SPECIFIC INVENTIONS LAWS

Limited Exclusion Notification for Colleagues working in Delaware.

This is to notify you in accordance with Del. Code Ann., Title 19, § 805 (Delaware) that the foregoing Agreement between you and Company does not require you to assign or offer to assign to Company any Invention other than in accordance with Delaware law.

Delaware Code, 19 Del. C. § 805

Section 805. Colleague's right to certain inventions

Any provision in an employment agreement which provides that the colleague shall assign or offer to assign any of the colleague's rights in an invention to the colleague's employer shall not apply to an invention that the colleague developed entirely on the colleague's own time without using the employer's equipment, supplies, facility or trade secret information, except for those inventions that;

(1) relate to the employer's business or actual or demonstrably anticipated research or development, or

(2) result from any work performed by the colleague for the employer.

To the extent a provision in an employment agreement purports to apply to the type of invention described, it is against the public policy of this State and is unenforceable. An employer may not require a provision of an employment agreement made unenforceable under this section as a condition of employment or continued employment.

Limited Exclusion Notification for Colleagues working in Illinois.

This is to notify you in accordance with 765 Ill. Comp. Stat. § 1060/2 (Illinois) that the foregoing Agreement between you and Company does not require you to assign or offer to assign to Company any Invention other than in accordance with Illinois law.

Illinois Compiled Statutes, 765 ILCS 1060/2

Section 765 ILCS 1060/2. Colleague rights to inventions - conditions

(1)     A provision in an employment agreement which provides that an colleague shall assign or offer to assign any of the colleague's rights in an invention to the employer does not apply to an invention for which no equipment, supplies, facilities, or trade secret information of the employer was used and which was developed entirely on the colleague's own time, unless

    (a)     the invention relates

        (i)     to the business of the employer, or

        (ii)    to the employer's actual or demonstrably anticipated research or development, or

    (b)     the invention results from any work performed by the colleague for the employer. Any provision which purports to apply to such an invention is to that extent against the public policy of this State and is to that extent void and unenforceable. The colleague shall bear the burden of proof in establishing that his invention qualifies under this subsection.

(2)     An employer shall not require a provision made void and unenforceable by subsection (1) of this Section as a condition of employment or continuing employment. This Act shall not preempt existing common law applicable to any shop rights of employers with respect to colleagues who have not signed an employment agreement.

(3)     If an employment agreement entered into after January 1, 1984, contains a provision requiring the colleague to assign any of the colleague's rights in any invention to the employer, the employer must also, at the time the agreement is made, provide a written notification to the colleague that the agreement does not apply to an invention for which no equipment, supplies, facility, or trade secret information of the employer was used and which was developed entirely on the colleague's own time, unless

    (a)     the invention relates

        (i)     to the business of the employer, or

        (ii)    to the employer's actual or demonstrably anticipated research or development, or

    (b)     the invention results from any work performed by the colleague for the employer.

Limited Exclusion Notification for Colleagues working in Kansas.

This is to notify you in accordance with Kan. Stat. Ann. § 44-130 (Kansas) that the foregoing Agreement between you and Company does not require you to assign or offer to assign to Company any Invention other than in accordance with Kansas law.

Kansas Statutes, K.S.A. § 44-130

Section 44-130. Employment agreements assigning colleague rights in inventions to employer; restrictions; certain provisions void; notice and disclosure

(a) Any provision in an employment agreement which provides that an colleague shall assign or offer to assign any of the colleague's rights in an invention to the employer shall not apply to an invention for which no equipment, supplies, facilities or trade secret information of the employer was used and which was developed entirely on the colleague's own time, unless:

(1) The invention relates to the business of the employer or to the employer's actual or demonstrably anticipated research or development; or

(2) the invention results from any work performed by the colleague for the employer.

(b) Any provision in an employment agreement which purports to apply to an invention which it is prohibited from applying to under subsection (a), is to that extent against the public policy of this state and is to that extent void and unenforceable. No employer shall require a provision made void and unenforceable by this section as a condition of employment or continuing employment.

(c) If an employment agreement contains a provision requiring the colleague to assign any of the colleague's rights in any invention to the employer, the employer shall provide, at the time the agreement is made, a written notification to the colleague that the agreement does not apply to an invention for which no equipment, supplies, facility or trade secret information of the employer was used and which was developed entirely on the colleague's own time, unless:

(1) The invention relates directly to the business of the employer or to the employer's actual or demonstrably anticipated research or development; or

(2) the invention results from any work performed by the colleague for the employer.

(d) Even though the colleague meets the burden of proving the conditions specified in this section, the colleague shall disclose, at the time of employment or thereafter, all inventions being developed by the colleague, for the purpose of determining employer and colleague rights in an invention.

Limited Exclusion Notification for Colleagues working in Minnesota.

This is to notify you in accordance with Minn. Stat. Ann. § 181.78 (Minnesota) that the foregoing Agreement between you and Company does not require you to assign or offer to assign to Company any Invention other than in accordance with Minnesota law.

Minnesota Statutes, Minn. Stat. § 181.78

Section 181.78. AGREEMENTS; TERMS RELATING TO INVENTIONS

Subdivision 1. Inventions not related to employment.

Any provision in an employment agreement which provides that a colleague shall assign or offer to assign any of the colleague's rights in an invention to the employer shall not apply to an invention for which no equipment, supplies, facility or trade secret information of the employer was used and which was developed entirely on the colleague's own time, and

    (1)    which does not relate

        (a)    directly to the business of the employer or

        (b)    to the employer's actual or demonstrably anticipated research or development, or

    (2)    which does not result from any work performed by the colleague for the employer. Any provision which purports to apply to such an invention is to that extent against the public policy of this state and is to that extent void and unenforceable.

Subdivision 2. Effect of subdivision 1.

No employer shall require a provision made void and unenforceable by subdivision 1 as a condition of employment or continuing employment.

Subdivision 3. Notice to colleague.

If an employment agreement entered into after August 1, 1977 contains a provision requiring the colleague to assign or offer to assign any of the colleague's rights in any invention to an employer, the employer must also, at the time the agreement is made, provide a written notification to the colleague that the agreement does not apply to an invention for which no equipment, supplies, facility or trade secret information of the employer was used and which was developed entirely on the colleague's own time, and

    (1)    which does not relate

        (a)    directly to the business of the employer or

        (b)    to the employer's actual or demonstrably anticipated research or development, or

    (2)    which does not result from any work performed by the colleague for the employer.

Limited Exclusion Notification for Colleagues working in New Jersey.

This is to notify you in accordance with New Jersey Statues Annotated §34:1B-265 that the foregoing Agreement between you and Company does not require you to assign or offer to assign to Company any Invention other than in accordance with New Jersey law.

New Jersey Statues Annotated §34:1B-265

a. (1) Any provision in an employment contract between a colleague and employer, which provides that the colleague shall assign or offer to assign any of the colleague's rights to an invention to that employer, shall not apply to an invention that the colleague develops entirely on the colleague's own time, and without using the employer's equipment, supplies, facilities or information, including any trade secret information, except for those inventions that:

(a) relate to the employer's business or actual or demonstrably anticipated research or development; or

(b) result from any work performed by the colleague on behalf of the employer.

(2) To the extent any provision in an employment contract applies, or intends to apply, to a colleague invention subject to this subsection, the provision shall be deemed against the public policy of this State and shall be unenforceable.

b. No employer shall require a provision made void and unenforceable by this act as a condition of employment or continued employment. Nothing in this act shall be construed to forbid or restrict the right of an employer to provide in contracts of employment for:

(1) disclosure, provided that any disclosure shall be received in confidence, of all of a colleague's inventions made solely or jointly with others during the term of the colleague's employment;

(2) a review process by the employer to determine any issues that may arise; and

(3) full title to certain patents and inventions to be in the United States, as required by contracts between the employer and the United States or any of its agencies.

c. Nothing in this act shall be deemed to impede or otherwise diminish the rights of alienation of inventors or patent-owners.

Limited Exclusion Notification for Colleagues working in North Carolina.

This is to notify you in accordance with N.C. Gen. Stat. §§ 66-57.1, 66-57.2 (North Carolina) that the foregoing Agreement between you and Company does not require you to assign or offer to assign to Company any Invention other than in accordance with North Carolina law.

North Carolina General Statutes, §§ 66-57.1, 66-57.2

Section 66-57.1. Colleague's right to certain inventions

Any provision in an employment agreement which provides that the colleague shall assign or offer to assign any of his rights in an invention to his employer shall not apply to an invention that the colleague developed entirely on his own time without using the employer's equipment, supplies, facility or trade secret information except for those inventions that

    (i)    relate to the employer's business or actual or demonstrably anticipated research or development, or

    (ii)    result from any work performed by the colleague for the employer.

To the extent a provision in an employment agreement purports to apply to the type of invention described, it is against the public policy of this State and is unenforceable. The colleague shall bear the burden of proof in establishing that his invention qualifies under this section.

Section 66-57.2. Employer's rights

    (a)    An employer may not require a provision of an employment agreement made unenforceable under G.S. 66-57.1 as a condition of employment or continued employment. An employer, in an employment agreement, may require that the colleague report all inventions developed by the colleague, solely or jointly, during the term of his employment to the employer, including those asserted by the colleague as non-assignable, for the purpose of determining colleague or employer rights.

    (b)    An employer's ownership of a colleague's invention, discovery, or development that has or becomes vested in the employer by contract or by operation of law shall not be subject to revocation or rescission in the event of a dispute between the employer and colleague concerning payment of compensation or benefits to the colleague, subject to any contrary provision in the colleague's written employment agreement. The foregoing provision shall not apply where the colleague proves that the employer acquired ownership of the colleague's invention, discovery, or development fraudulently.

    (c)    If required by a contract between the employer and the United States or its agencies, the employer may require that full title to certain patents and inventions be in the United States.

Limited Exclusion Notification for Colleagues working in Utah.

This is to notify you in accordance with Utah Code Ann. §§ 34-39-2, 34-39-3 (Utah) that the foregoing Agreement between you and Company does not require you to assign or offer to assign to Company any Invention other than in accordance with Utah law.

Utah Code Ann. §§34-39-1, 34-39-2, 34-39-3

Section 34-39-1. Citation of act

This act is known as the "Employment Inventions Act."

Section 34-39-2. Definitions

As used in this chapter:

(1) "Employment invention" means any invention or part thereof conceived, developed, reduced to practice, or created by a colleague which is:

(a) conceived, developed, reduced to practice, or created by the colleague:

(i) within the scope of his employment;

(ii) on his employer's time; or

(iii) with the aid, assistance, or use of any of his employer's property, equipment, facilities, supplies, resources, or intellectual property;

(b) the result of any work, services, or duties performed by a colleague for his employer;

(c) related to the industry or trade of the employer; or

(d) related to the current or demonstrably anticipated business, research, or development of the employer.

(2) "Intellectual property" means any and all patents, trade secrets, know-how, technology, confidential information, ideas, copyrights, trademarks, and service marks and any and all rights, applications, and registrations relating to them.

Section 34-39-3. Scope of act - When agreements between a colleague and employer are enforceable or unenforceable with respect to employment inventions - Exceptions

(1) An employment agreement between a colleague and his employer is not enforceable against the colleague to the extent that the agreement requires the colleague to assign or license, or to offer to assign or license, to the employer any right or intellectual property in or to an invention that is:

(a) created by the colleague entirely on his own time; and

(b) not an employment invention.

(2) An agreement between a colleague and his employer may require the colleague to assign or license, or to offer to assign or license, to his employer any or all of his rights and intellectual property in or to an employment invention.

(3) Subsection (1) does not apply to:

(a) any right, intellectual property or invention that is required by law or by contract between the employer and the United States government or a state or local government to be assigned or licensed to the United States; or

(b) an agreement between a colleague and his employer which is not an employment agreement.

(4) Notwithstanding Subsection (1), an agreement is enforceable under Subsection (1) if the colleague's employment or continuation of employment is not conditioned on the colleague's acceptance of such agreement and the colleague receives a consideration under such agreement which is not compensation for employment.

(5) Employment of the colleague or the continuation of his employment is sufficient consideration to support the enforceability of an agreement under Subsection (2) whether or not the agreement recites such consideration.

(6) An employer may require his colleagues to agree to an agreement within the scope of Subsection (2) as a condition of employment or the continuation of employment.

(7) An employer may not require his colleagues to agree to anything unenforceable under Subsection (1) as a condition of employment or the continuation of employment.

(8) Nothing in this chapter invalidates or renders unenforceable any employment agreement or provisions of an employment agreement unrelated to employment inventions.

Limited Exclusion Notification for Colleagues working in Washington.

This is to notify you in accordance with Wash. Rev. Code Ann. §§ 49.44.140, 49.44.150 (Washington) that the foregoing Agreement between you and Company does not require you to assign or offer to assign to Company any Invention other than in accordance with Washington law.

Revised Code of Washington, RCW

49.44.140, 49.44.150 Section 49.44.140. Requiring assignment of colleague's rights to inventions - Conditions

(1)     A provision in an employment agreement which provides that a colleague shall assign or offer to assign any of the colleague's rights in an invention to the employer does not apply to an invention for which no equipment, supplies, facilities, or trade secret information of the employer was used and which was developed entirely on the colleague's own time, unless

       (a)     the invention relates

             (i)     directly to the business of the employer, or

             (ii)    to the employer's actual or demonstrably anticipated research or development, or

       (b)     the invention results from any work performed by the colleague for the employer. Any provision which purports to apply to such an invention is to that extent against the public policy of this state and is to that extent void and unenforceable.

(2)     An employer shall not require a provision made void and unenforceable by subsection (1) of this section as a condition of employment or continuing employment.

(3)     If an employment agreement entered into after September 1, 1979, contains a provision requiring the colleague to assign any of the colleague's rights in any invention to the employer, the employer must also, at the time the agreement is made, provide a written notification to the colleague that the agreement does not apply to an invention for which no equipment, supplies, facility, or trade secret information of the employer was used and which was developed entirely on the colleague's own time, unless

       (a)     the invention relates

             (i)     directly to the business of the employer, or

             (ii)    to the employer's actual or demonstrably anticipated research or development, or

       (b)     the invention results from any work performed [performed] by the colleague for the employer.

Section 49.44.150. Requiring assignment of colleague's rights to inventions-Disclosure of inventions by colleague

Even though the colleague meets the burden of proving the conditions specified in RCW 49.44.140, the colleague shall, at the time of employment or thereafter, disclose all inventions being developed by the colleague, for the purpose of determining employer or colleague rights. The employer or the colleague may disclose such inventions to the department of employment security, and the department shall maintain a record of such disclosures for a minimum period of five years.